UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDDY HERNANDEZ MUNOZ,

Petitioner,

v. Case No.: 2:26-cv-02198-SPC-NPM

GARRETT J. RIPA *et al.*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court are Freddy Hernandez Munoz's Petition for Writ of Habeas Corpus (Doc. 2), the government's response (Doc. 5), and Hernandez Munoz's reply (Doc. 6).

Hernandez Munoz is a native and citizen of Cuba who entered the United States on July 17, 2022, after fleeing Cuba's communist government. Customs and Border Patrol apprehended him, issued a notice to appear, and released him into the country with conditions of supervision. Hernandez Munoz complied with the conditions, timely applied for asylum, and has no criminal history whatsoever. On November 7, 2025, Hernandez Munoz reported to Immigration and Customs Enforcement ("ICE") for a check-in appointment, and ICE detained him.

On February 11, 2026, an immigration judge pretermitted Hernandez Munoz's asylum application and ordered him removed to Ecuador. Hernandez

Munoz appealed, so the removal order is not administratively final. Meanwhile, this Court granted Hernandez Munoz's first habeas petition and ordered the government to either bring him before an immigration judge for a bond hearing or release him. On February 19, 2026, Immigration Judge Stuart Siegel denied Hernandez Munoz's request for release on bond, finding he did not meet "his burden in establishing he is a suitable bond risk given the fact that [Hernandez Munoz] is under an order of removal[.]" (Doc. 5-1 at 4). In a second bond hearing on February 21, 2026, the Judge Seigel denied bond again:

> After an individualized bond hearing, and after applying the 9 Guerra factors, the Court finds that Respondent while the Respondent has some positive factors - no prior criminal matters, family ties with status in the United States, and a work history in the United States; the Court finds that Respondent has not met his burden in establishing that he is a suitable bail risk largely based on the fact that Respondent's applications for relief have been pretermitted (case is on appeal before the Board) and poses a substantial bail risk that cannot be ameliorated by any bond amount, Respondent has not submitted any proof of ownership of property, any savings in the United States, Respondent entered the United States unlawfully, and Respondent has only been in the United States a limited period of time in the United States. see Matter of Guerra, 24 I&N Dec. 34, 41 (BIA 2006).

(Doc. 5-1 at 6).

Hernandez Munoz argues his continued detention violates the Fifth Amendment because it is unreasonably prolonged and does not further any legitimate government interest. He seeks release from custody or, alternatively, another bond hearing. In response, the government argues

Hernandez Munoz's petition is moot because he already received two bond hearings. The government's mootness argument is only partially correct. Hernandez Munoz remains in ICE detention, and his Fifth Amendment claim challenging that detention still "presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Hernandez Munoz's alternative request for a bond hearing is the only part of the case that is now moot.

Because Hernandez Munoz's due process claim presents a live controversy, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The government argues Hernandez Munoz is not entitled to release because, as the Supreme Court has recognized, "detention during [removal] proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). But the government's authority to detain under § 1226 is not unfettered. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). Immigration detention generally has two regulatory goals: "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community." *Id.* (cleaned up).

The government's response does not identify any justification for Hernandez Munoz's detention. The undisputed evidence shows that he has diligently participated in his immigration case and has significant connections to the United States—he lives with his U.S. citizen daughter and grandson and had a steady job prior to his arrest. What is more, ICE arrested Hernandez Munoz when he voluntarily appeared for an appointment related to his case. The evidence likewise demonstrates that Hernandez Munoz is not a danger to the community. He has no criminal record whatsoever.

In sum, Hernandez Munoz made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no justification for his detention.

Accordingly, it is hereby

**ORDERED**:

Freddy Hernandez Munoz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Hernandez Munoz and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record